UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| HAROLD R. FORD, III, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | No. 4:15-CV-137 CAS |
|  | ) |  |
| IAN WALLACE, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## **MEMORANDUM AND ORDER**

This matter is before the Court on state prisoner Harold R. Ford, III's action pursuant to 28 U.S.C. § 2254. This case was referred to United States Magistrate Judge David D. Noce for report and recommendation on all dispositive matters and for final disposition on all non-dispositive matters, pursuant to 28 U.S.C. § 636(b). Judge Noce issued a Report and Recommendation of Magistrate Judge dated May 23, 2017 (Doc. 30). Judge Noce recommended that Harold R. Ford's Petition for a Writ of Habeas Corpus (Doc. 11) be denied. Petitioner Ford filed timely Objections, arguing that the Court granted petitioner leave to add claims of actual innocence to his petition but then failed to consider these claims in its Report (Doc. 34). Petitioner did not object to any of Judge Noce's recommendations with respect to Grounds One through Six.

This Court must conduct a de novo review of any portion of the Magistrate Judge's opinion to which specific objections are made and "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c); *see also* Fed. R. Civ. P. 72(b).

The Court concurs in Judge Noce's detailed statement of the facts in this case and will repeat only relevant facts here. Based on de novo review and for the reasons set forth below, the Court adopts the Report and Recommendation in part and declines to adopt it in part.

## I.  Background

Petitioner's habeas claims are brought under 28 U.S.C. § 2254. (Doc. 11). Petitioner filed his first amended petition on May 15, 2015, alleging six grounds for habeas relief. (Doc. 11). In November 2015, petitioner sought leave of Court to add a supplemental claim of actual innocence, describing the grounds for this claim as the failure of his post-conviction counsel to raise certain arguments in post-conviction proceedings. (Doc. 21). Judge Noce issued an Order on December 18, 2015, stating "that petitioner's motion to add a claim of actual innocence (Doc. 21), based upon the current record of this action is GRANTED." (Doc. 24). On August 29, 2016, petitioner filed a "Reply to Response to Order Show Cause," which did not reply to Respondent's filing, but instead contained two new grounds for habeas relief, styled Grounds 7 and 8. (Doc. 29). These grounds are premised on facts and exhibits that were not in the record at the time of Judge Noce's December 18, 2015 Order. (Doc. 29).

In Ground 7, petitioner alleges that he was denied effective assistance of counsel when the trial court denied his counsel's motion to continue the trial setting. (Doc. 29 at 6-17). His counsel sought a continuance in order to obtain cell phone records relevant to petitioner's defense, specifically the phone records of Shamica Brison, who testified that she witnessed the shooting petitioner was convicted of, and then reported the murder by calling 911. (Doc. 29 at 6). Petitioner alleges that the cell phone records show Ms. Brison did not call 911. *Id.* Petitioner claims that this allegation shows he is actually innocent of the murders, as it impeaches Ms. Brison's testimony and identification.

2

In Ground 8, petitioner alleges a *Brady* violation on similar grounds. He claims he was denied a fair trial and due process of law because the prosecution knowingly used Ms. Brison's false testimony or knowingly failed to disclose to petitioner false testimony that was used to convict him. (Doc. 29 at 17).

Judge Noce's Report and Recommendation addressed Grounds 7 and 8 in the following manner:

> [O]n August 29, 2016, plaintiff raised two additional grounds, labeled "Ground 7" for ineffective assistance of counsel and "Ground 8" for another *Brady* violation, in his reply to respondent's response to the order to show cause. (ECF No. 29). This court did not grant petitioner leave to file these additional claims. They were, moreover, filed nearly a year out of time, with no explanation or mitigating argument; and they are therefore not cognizable.

(Doc. 30 at 2-3).

Petitioner raises three objections to the Report and Recommendation. (Doc. 34). First, petitioner argues that Judge Noce granted him leave to add a claim of actual innocence to the petition, and the Report and Recommendation is inconsistent with the Court's Order of December 18, 2015. (Doc. 34 at 1, 3). Second, petitioner argues that failure to consider his seventh and eighth grounds will result in a fundamental miscarriage of justice, because he made a showing based on new evidence that he is actually innocent. (Doc. 34 at 2). Third, petitioner argues that he provided several reasons to overcome any possible procedural default. (Doc. 34 at 3).

## II. Discussion

"A document filed pro se is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). Although plaintiff's additional grounds were filed as a reply and not an amended or supplemental pleading, and although they rely on allegations and exhibits not in the record at the time of the December 18, 2015 Order allowing the filing of additional claims

3

"upon the current record of this action," on de novo review, the Court will liberally construe these grounds as permitted by court order and fully address them on the merits. *See* 28 U.S.C. § 2254(b)(2) (authorizing district courts to consider and dismiss procedurally barred grounds on the merits).

A. Procedural Default

State prisoners must exhaust their state law remedies before raising their claims in federal habeas corpus proceedings. 28 U.S.C. § 2254(b)(1)(A). A petitioner must have fairly presented the substance of each federal ground to state trial and appellate courts. *See Anderson v. Harless*, 459 U.S. 4, 6 (1982). Petitioner has not shown that he has raised Grounds 7 and 8 in any previous motion or filing in a Missouri state court; instead, he appears to have done so for the first time in this federal habeas proceeding. *See Ford v. State*, 448 S.W.3d 875 (Mo. Ct. App. 2014); *State v. Ford*, 351 S.W.3d 236, 236 (Mo. Ct. App. 2011). The Court's Order permitting petitioner to amend his petition does not mean that additional grounds raised are exempt from federal habeas law requirements. Any additional grounds must still comply with federal habeas procedure, and petitioner's Grounds 7 and 8 fail to do so, as he has not yet raised these claims in state courts.

B. Actual Innocence Exception

It is possible petitioner's procedural default may be excused under the actual innocence or "miscarriage of justice" exception. *Herrera v. Collins*, 506 U.S. 390, 400 (1993). Petitioner describes Grounds 7 and 8 as claims of actual innocence. A claim of actual innocence based on newly discovered evidence is not a ground in itself for federal habeas relief. *Id.* "[F]ederal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution—not to correct errors of fact." *Id.* But a claim of actual innocence may allow a

petitioner to overcome procedural default, under the "miscarriage of justice" exception. This exception requires that the petitioner show it is "more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 328-29 (1995) (cited by *Barrington v. Norris*, 49 F.3d 440, 442 (8th Cir. 1995)). "The gateway should open only when a petition presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1936 (2013) (citations omitted).

To the extent petitioner argues that his actual innocence claim satisfies the "miscarriage of justice" exception to the procedural default rule, this argument is without merit. Plaintiff alleges that witness Shamica Brison's testimony was fabricated. He points to (1) some inconsistencies in her testimony, and (2) the fact that the investigating officer, Detective Absolon, claimed he reached Ms. Brison by calling the phone numbers that had reported the murder to 911, but the number allegedly belonging to Ms. Brison actually belonged to the City of Maryland Heights Public Works Department. (Docs. 19, 29). The Court will discuss each allegation.

First, petitioner notes inconsistencies in Ms. Brison's testimony. During a police interview on July 5, 2009, Detective Absolon asked Ms. Brison:

> Q. And how I had originally gotten a hold of you is I had gotten a 911 tape and your phone number was there as one of the people that called the police; is that correct?
>
> A. Yes.
>
> Q. And prior to me even talking to you you had already driven to the police station to report this to the police, correct?
>
> A. Yes.

5

(Doc. 19, Ex. 1 at 19). However, petitioner asserts that on every other occasion, Ms. Brison stated that she had only reported the murder to the police by calling 911, not by visiting the police station. (Doc. 19, Ex. 1 at 20-22). At trial, she stated she did not recall ever stating that she had reported the murder at a police station, let alone being asked by officers if she did so. (Doc. 9, Ex. 2 at 39).

Second, petitioner alleges that Ms. Brison's testimony that she reported the murder by calling 911 cannot be true, so her testimony is perjury. Ms. Brison testified at an August 2010 deposition that she could not recall what phone number she was using at the time of the murder, as she had since changed phone numbers. (Doc. 19, Ex. 1 at 18). At trial, the investigating officer never identified the specific number he called to reach Ms. Brison. (Doc. 9, Ex. 3 at 3). Petitioner has submitted a single page purporting to be the deposition of Detective Absolon taken on August 4, 2010, approximately one month before petitioner's trial:

> Q. And you state in your report that you were able to identify one of the callers as being Shamica Brison?
>
> A. Yes ma'am.
>
> Q. Do you remember which phone number she called from?
>
> A. I'm going to believe it was the 658-0033 number.
>
> Q. 658-00 –
>
> A. 33.
>
> Q. – 33?
>
> A. I believe that was her number, yes.

(Doc. 19, Ex. 1 at 12).

The list of 911 calls made at the time of the murder includes seven different phone numbers. (Doc. 9, Ex. 2 at 78; Doc. 19, Ex. 1 at 11). The number 658-0033 does not appear on

this list, but Detective Absolon appears to be referring to the number (314) 685-0033, which does. *Id.* Petitioner asserts that this number did not belong to Ms. Brison, producing an unauthenticated Equifax report listing two of Ms. Brison's past cell phone numbers, which both began 314-429-XXXX. (Doc. 19, Ex. 1 at 14-16). Petitioner also submitted an unauthenticated copy of an "Archived CAN (Customer Name & Address)" from Oceania Research and Consulting, stating that the phone number 314-685-0033 belongs to the City of Maryland Heights Public Works Department. (Doc. 29 at 10). Petitioner further argues that if a 911 tape ever existed, the prosecution would have played the audio for the jury. (Doc. 29 at 13). Additionally, he notes that the prosecutor had a "well formulated response" to defense counsel's motion to continue the trial to obtain telephone records, made the morning of the trial, arguing that this suggests the prosecutor knew Ms. Brison never made a 911 call. *Id.*

Even accepting all of petitioner's evidence at face value, he has not shown it is more likely than not that no reasonable juror would have convicted him had he presented this evidence at trial. He has not presented evidence of innocence so strong that the Court cannot have confidence in the outcome of the trial. Petitioner's evidence does not establish his actual innocence, nor does it cast a reasonable doubt on Ms. Brison's identification of petitioner as the perpetrator of the murders for which he was convicted. First, petitioner's trial counsel questioned Ms. Brison at trial about her inconsistent testimony. (Doc. 9, Ex. 2 at 39). Second, at most, the evidence petitioner has submitted shows that Ms. Brison used a different phone number than the one Detective Absolon inconclusively identified at his August 2010 deposition. Neither of these amount to perjury. Moreover, petitioner's evidence does not show that Ms. Brison was not present at the scene of the murders or falsely identified petitioner as the murderer.

"The government may not introduce or elicit testimony known to be false or allow false testimony to stand uncorrected." *United States v. Nelson*, 970 F.2d 439, 443 (8th Cir. 1992). In this case, there has been no showing that the government had any reason to believe Ms. Brison never called 911. Furthermore, even if the government was aware of Ms. Brison's police interview on July 5, 2009, where she responded "Yes" to the statement that she had reported the murder to police at a police station rather than through 911, "mere inconsistency is not necessarily equated with perjury and every contradiction may not be material." *Id.* Petitioner has simply not presented evidence of innocence or evidence of Ms. Brison's alleged perjury sufficient to undermine the Court's confidence in the outcome of the trial proceeding. Accordingly, his claims do not satisfy the miscarriage of justice exception and remain procedurally defaulted.

### III. Merits of the Additional Grounds

Even if the Court were to reach plaintiff's arguments on the merits, petitioner's grounds for relief would fail. This Court may consider and dismiss procedurally barred grounds on the merits, and it will do so here. *See* 28 U.S.C. § 2254(b)(2). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court will grant habeas relief if the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(1)-(2). When a state court has not addressed an issue, a federal court cannot apply the deferential AEDPA standards. *See Taylor v. Bowersox,* 329 F.3d 963, 968 (8th Cir. 2003).

A. Ground 7

Petitioner's Ground 7 fails on the merits. Petitioner frames the denial of his motion to continue trial to obtain further discovery as the result of both ineffective assistance of counsel and trial court error. (Doc. 29). Petitioner must prove two elements to prevail on a claim of ineffective assistance of counsel. First, he must demonstrate that counsel's performance fell below an objective standard of reasonableness. *Strickland v. Washington* 466 U.S. 668, 687-88 (1984). There is a strong presumption that counsel has rendered constitutionally effective assistance. *Id.* at 690. Second, petitioner must demonstrate actual prejudice as a result of counsel's deficient performance. *Id.* at 687. "[A] court making the prejudice inquiry must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors." *Id.* at 696.

Petitioner has not demonstrated that his trial attorney acted unreasonably. Counsel's strategic choices made after thorough investigation are virtually unchallengeable. *Strickland*, 466 U.S. at 690–91. Additionally, decisions following reasonable but less thorough investigation are to be upheld to the extent they are supported by reasonable judgment. *Id.* "The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986). There was no reasonable indication, based on the pretrial depositions of Ms. Brison and Detective Absolon, that Ms. Brison had not in fact called 911. Therefore, counsel's decisions not to obtain Ms. Brison's phone records and not to file an earlier motion to continue the trial were reasonable. (Doc. 19, Ex. 1 at 12, 17-20). Petitioner's trial counsel appears to have reasonably investigated the witnesses: she conducted pretrial depositions of Detective Absolon and Ms. Brison, cross-

examined them at trial about the 911 call, and referred to Ms. Brison's criminal history in closing arguments. (Doc. 9, Ex. 2 at 37-40, Ex. 3 at 8, 74; Doc. 19, Ex. 1 at 12, 17-20).

Moreover, petitioner has not demonstrated that had his attorney made an earlier request to continue the trial date and obtained the evidence in question, the verdict would have been different. Petitioner's new evidence, for which he sought to continue the trial setting, does not reveal anything that this Court can conclude would have changed the outcome of the proceeding. Petitioner has not rebutted the strong presumption that his counsel rendered constitutionally effective assistance, *Strickland*, 466 U.S. at 690, nor has he demonstrated actual prejudice. Accordingly, he is not entitled to relief on an ineffective assistance of counsel claim.

In terms of the trial court's alleged error, "a trial court has broad discretion to grant or deny a motion for a continuance." *Armstrong v. Kemna*, 365 F.3d 622, 627 (8th Cir. 2004) (citing *Morris v. Slappy*, 461 U.S. 1, 11 (1983). The trial court heard petitioner's request for a continuance the morning of trial. (Doc. 9, Ex. 2 at 5). Petitioner's counsel informed the court there were some telephone records that had not been obtained, and that petitioner wanted to continue the trial until those records could be obtained. *Id.* Petitioner did not specifically inform the trial court when the records would be obtained, whether they would be admissible, or how they were material to his case. *Id.* The court denied the motion, reasoning that petitioner's case had been set for trial for some time. *Id.*

"Trial judges necessarily require a great deal of latitude in scheduling trials. Not the least of their problems is that of assembling the witnesses, lawyer, and jurors at the same place at the same time, and this burden counsels against continuances except for compelling reasons." *Morris*, 461 U.S. at 11. Petitioner did not provide any compelling basis for delaying his murder trial and the motion was made the morning of trial, when the venire panel and all other necessary

participants were already assembled at the courthouse. There is no sign the trial court abused its broad discretion in denying the continuance motion. Furthermore, as discussed above, there is no indication that the substance of the evidence for which petitioner sought the continuance would have had any effect on the outcome of the trial. Petitioner was aware of the phone record testimony at least a month before trial and there is no evidence that the denial of his motion to continue, or even the absence of the phone records themselves, violated his due process rights or deprived him of a fair trial. This ground fails to meet AEDPA's standards for habeas relief.

B. Ground 8

Petitioner's Ground 8 also fails on the merits. In Ground 8, petitioner alleges a *Brady* violation on the grounds that the prosecution knowingly used Ms. Brison's false testimony or knowingly failed to disclose to petitioner false testimony that was used to convict him. In *United States v. Brady*, the Supreme Court held "that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. 83, 87 (1963). The Supreme Court has since held that the duty to disclose such evidence is applicable even without a request by the accused, includes impeachment evidence as well as exculpatory evidence, and encompasses evidence known only to police investigators and not the prosecutor. *Kyles v. Whitley*, 514 U.S. 419, 433-34 (1995); *United States v. Bagley*, 473 U.S. 667, 676 (1985); *United States v. Agurs*, 427 U.S. 97, 107 (1976).

Not every failure to disclose exculpatory or impeachment evidence necessarily establishes that the outcome of a trial was unjust. *Strickler v. Greene*, 527 U.S. 263, 280-82 (1999). Evidence is "material" if there is "a reasonable probability" that the result of the proceeding would have been different had the evidence been disclosed to the defense. *Kyles*, 514 U.S. at 438.

In the first instance, petitioner has not established that there was any exculpatory or impeachment evidence available to the prosecutor that was not disclosed to him. He alleges that "the prosecution failed to disclose the phone records that would have shown Brison's testimony was perjured." (Doc. 29 at 18). However, there is no indication that the prosecution ever had Ms. Brison's cell phone records. The only other record to which petitioner might be referring is the 911 call list, and this list was discussed in some detail during Detective Absalon's pretrial deposition testimony, undermining any allegation that it was never disclosed. (Doc. 19, Ex. 1 at 12).

Moreover, even if the prosecution did have these records but failed to disclose them, there is not a reasonable probability that they would have resulted in a different verdict. For the reasons discussed above, petitioner has not produced evidence establishing that Ms. Brison's testimony was perjured. The phone records do not demonstrate that Ms. Brison's identification testimony was fabricated, and petitioner has failed to demonstrate a reasonable probability that the jury would have reached a different outcome if it had this evidence. Accordingly, this Ground also fails on the merits.

C. Ground as Described in Petitioner's Motion to Add a Supplemental Claim

Finally, this Court will liberally construe petitioner's filings to have raised the claim of ineffective assistance of post-trial counsel. In his initial Motion to Expand the Record and Add a Supplemental Claim of Actual Innocence (Doc. 21), petitioner characterized the claim to be brought as one of ineffective post-trial counsel, based on his post-trial counsel's failure to raise the arguments petitioner described in Grounds 7 and 8 in his state court post-conviction proceedings. (Doc. 21). Ineffective assistance of post-conviction counsel is not a cognizable ground for habeas relief, however. 28 U.S.C. § 2254(i); *see also Coleman v. Thompson*, 501 U.S.

12

722, 752 (1991). To the extent ineffective assistance of post-conviction counsel may excuse procedural default, *see Martinez v. Ryan*, 566 U.S. 1 (2012), petitioner has not established prejudice, because the grounds he argues should have been raised in post-conviction proceedings, Grounds 7 and 8, fail on the merits. Therefore, this claim is also meritless.

## IV.  Conclusion

For the reasons discussed above, petitioner's additional grounds are procedurally defaulted, do not satisfy the actual innocence or ineffective post-trial counsel exceptions, and fail on the merits. The Court therefore adopts the Report and Recommendation's conclusion that these additional grounds be denied. However, it respectfully declines to adopt the limited discussion offered in reaching that conclusion, in favor of the more thorough discussion above.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's Objections are **sustained in part** and otherwise **overruled**. [Doc. 34]

**IT IS FURTHER ORDERED** that the Report and Recommendation of United States Magistrate Judge Noce is **sustained in part, adopted in part** and **incorporated** herein to the extent it recommends that the petition of Harold Ford for writ of habeas corpus be denied. [Doc. 30]

**IT IS FURTHER ORDERED** that petitioner's Petition and Amended Petition for Writ of Habeas Corpus are **DENIED**. [Docs. 1, 11]

An appropriate judgment will accompany this Memorandum and Order.

*signature*

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 21st day of November, 2017.